**HYDRAULIC PRESS CORPORATION, Inc., et al. v. COE, Commissioner of Patents.**

No. 65976.

District Court of the United States for the District of Columbia.

Aug. 10, 1940.

John M. Mason, of Washington, D. C., for plaintiffs.

W. W. Cochran, United States Patent Office, of Washington D. C., for defendant.

MORRIS, Associate Justice.

This proceeding was instituted under the provisions of Section 4915 of the Revised Statutes of the United States, 35 U.S.C.A. § 63. The plaintiff, Walter Ernst, filed an application for letters patent, designated as Serial No. 501,994, and thereafter assigned his right, title and interest therein and in and to the letters patent expected to issue thereon to the Hydraulic Press Manufacturing Company. Thereafter letters patent, No. 1,892,568, dated December 27, 1932, were issued to the Hydraulic Press Manufacturing Company as. assignee of the said Ernst. Subsequently a reissue application, designated as Serial No. 757,531, was filed by the said Walter Ernst on December 14, 1934, with the consent of the Hydraulic Press Manufacturing Company, to secure the reissue of the original patent, containing additional claims. Thereafter, on April 13, 1936, the Hydraulic Press Manufacturing Company transferred and assigned all of its right, title and interest in and to letters patent, No. 1,892,568, and said reissue application, Serial No. 757,531, and the letters patent expected to issue thereon to the plaintiff, the Hydraulic Press Corporation, Inc.

The claims involved in the original patent, and in the application here under consideration, relate to hydraulic press machines. The claims in the reissue application, numbered 1, 2 and 3, were claims in the original patent, and were allowed by the primary examiner. Claims 4, 5 and 6 were claims in the original patent and, although rejected by the primary examiner on the ground that new references showed that the structures therein disclosed were not patentable over certain prior patents, this action of the primary examiner was reversed on appeal by the Board of Appeals, and said claims 4, 5 and 6 were allowed. Claims 7 to 11, inclusive, and 21 to 25, inclusive, are the claims here in controversy. These claims were rejected by the primary examiner as unpatentable over prior patents, set forth with particularity in the examiner's statement, and, on appeal, the Board of Appeals affirmed such action.

The structures claimed show improved arrangement for the accomplishment of the result desired in the operation of a hydraulic press. Such improvement, however, appears to be in the nature of rearranging elements and combinations theretofore known and recognized in the art, and I am forced to the conclusion that the Commissioner of Patents, acting through the Board of Appeals, correctly held that such rejected claims do not disclose patentable invention. The bill will, therefore, be dismissed.